UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **TYSON SMITH** | * | **CIVIL ACTION NO. 11-0894** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HASTINGS FIBER GLASS PRODUCTS, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>**MEMORANDUM ORDER**</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for leave of court to file an intervention [doc. # 49] filed by Newton B. Schwartz, Sr. The motion is partially opposed. For reasons detailed below, the motion for leave to intervene is DENIED.[1]

<u>Background</u>

On June 15, 2011, Tyson Smith filed the instant products liability action against Hastings Fiber Glass Products, Inc. ("Hastings"). (Compl.).[2] Smith alleges that he suffered serious and disabling injuries on June 21, 2010, when a "block and sheave" manufactured by Hastings disintegrated and struck him in the face. *Id*.[3] On January 6, 2012, the workers' compensation

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

[2] Smith invoked this court's diversity jurisdiction, 28 U.S.C. § 1332.

[3] He also sued Hastings Manufacturing Company, LLC. On November 21, 2011, however, Smith voluntarily dismissed this party. *See* Stipulated Order and Judgment [doc. #s 17 & 19].

insurer, Travelers Property Casualty Company of America ("Travelers"), intervened in this matter to recover benefits and medical expenses that it had expended on behalf of Smith. (Compl. in Intervention [doc. # 22]).

On October 15, 2013, Newton B. Schwartz, Sr. ("Schwartz") filed the instant motion for leave to intervene. In support of his motion he attached a copy of a "Fee Agreement . . ." executed by Tyson Smith, Jack Harang, and Newton B. Schwartz (via handwritten addition) whereby Smith retained Harang and, apparently, Schwartz, to represent him in connection with the matter at hand. *See* Fee Agreement; M/Intervention, Exh. B. The proposed intervention implies that Smith never met Newton B. Schwartz, Sr. *See* Petition in Intervention, ¶ I(2). Nonetheless, Schwartz alleges that he helped to investigate the responsible parties and to draft the original complaint. *Id.*, ¶ I(1). Furthermore, Schwartz expended $9,498.70 on various costs and expenses in this case. *Id.*, Exh. C.

Schwartz's proposed intervention seeks to recover 1) the above-delineated costs expended herein, together with his earned share of any attorney's fees recovered in this case; and 2) certain unpaid sums purportedly due under a December 31, 2009, "Agreement Regarding $250,000, Loan and Fees and Expenses for Various Cases" (hereinafter, "Loan Agreement") in which Jack Harang agreed to reimburse Schwartz for his share of expenses in various cases that Schwartz and Harang worked on together. *See* Petition in Intervention and Exh. A.

On November 7, 2013, Harang, *individually*, and on behalf of Tyson Smith, filed a response to the proposed intervention. (Pl. Resp. [doc. # 56]). Plaintiff and Harang do not oppose that portion of the intervention by Schwartz that seeks to recover the expenses paid, and

fees earned by Schwartz in this case. (Pl. Resp. [doc. # 56]). However, they do oppose the intervention insofar as it seeks to recover damages or fees related to the Loan Agreement. *Id*. Schwartz filed a reply brief on November 13, 2013. (Reply [doc. # 59]). Thus, the matter is ripe.

Law

Federal Rule of Civil Procedure 24 contemplates two types of intervention: intervention of right and permissive intervention. Rule 24(a)(2) provides an absolute right of intervention to a non-party that meets all four of the following requirements: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 61 (5th Cir. 1987) (citations omitted); *see also Hopwood v. State of Tex.*, 21 F.3d 603, 605 (5th Cir. 1994).[4]

Intervention of right requires a "direct, substantial, legally protectable interest in the proceedings," which is determined by reference to substantive law. *Mothersill, supra* (citations omitted). Furthermore, the intervenor's burden to demonstrate the inadequacy of representation by the existing parties is minimal, requiring only a showing that the representation of its interest "may be" inadequate. *Hopwood, supra* (citation omitted).

Permissive intervention is appropriate where "an applicant's claim or defense and the main action have a question of law or fact in common." *Trans Chemical Ltd. v. China Nat.*

---

[4] Intervention of right also applies when a federal statute confers an unconditional right to intervene. Fed.R.Civ.P. 24(a)(1). Movant does not seek to intervene on this basis.

*Machinery Import and Export Corp.*, 332 F.3d 815, 824 (5th Cir. 2003) (citation omitted). Permissive intervention remains "wholly discretionary" with the court. *S.E.C. v. Funding Resource Group* 2000 WL 1468823 (5th Cir. 2000) (unpubl.) (citing *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984) (en banc)).[5] However, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(c).

Discussion

Applying the foregoing considerations to the facts at hand, the court finds that Schwartz's intervention is warranted as a matter of right with regard to his claim for expenses and fees reasonably expended in this matter. "By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit . . ." La. R.S. § 37:218. Mr. Harang confirmed that Plaintiff discharged Mr. Schwartz several months ago. (Pl. Response, pg. 2). Furthermore, Schwartz represented that this claim, and his participation herein, will remain dormant until such time as there is a recovery in Plaintiff's favor.[6]

---

[5] Permissive intervention also is authorized when a federal statute confers a conditional right to intervene. Fed.R.Civ.P. 24(b)(1)(A). Movant does not contend that intervention is warranted on these grounds.

[6] Counsel, however, will need to demonstrate compliance with Rule 1.5(e) of the Louisiana Rules of Professional Conduct:
  [a] division of fee between lawyers who are not in the same firm may be made only if:

  (1)   the client agrees in writing to the representation by all of the lawyers involved, and is advised in writing as to the share of the fee that each lawyer will receive;

  (2)   the total fee is reasonable; and

However, the court finds that intervention is not warranted, either as of right or permissively, insofar as it seeks to assert a claim stemming from the Loan Agreement. From what the court can discern, the Loan Agreement makes no mention of this case as one of the "various" categories of cases included therein. Thus, the Loan Agreement does not accord Schwartz an interest in the litigious right at issue here. In addition, Schwartz's claim under the Loan Agreement does not share a common question of law or fact with the principal action. To the extent that the Loan Agreement provides Schwartz with an interest in "various" other cases, he can protect that interest by intervening in those other matters, or by proceeding against Mr. Harang directly in a separate suit.[7]

The court further observes that the proposed intervention is deficient because it fails to assert any basis for the exercise of federal subject matter jurisdiction

For the foregoing reasons,

IT IS ORDERED that the motion for leave to intervene [doc. # 49] filed by Newton B. Schwartz, Sr. is hereby DENIED, without prejudice to his right to re-file the motion with a proposed pleading in conformity with this order

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of November 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

(3)  each lawyer renders meaningful legal services for the client in the matter.

[7] Apparently, at least one such suit is pending. *See Schwartz v. Harang*, Civ. Action No. 13-0038 (S.D. Tex.) (Pl. M/Leave, Exh. D).