UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TYSON SMITH** | * | **CIVIL ACTION NO. 11-0894** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **HASTINGS FIBER GLASS PRODUCTS, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Upon review of the record, and for reasons detailed below, it is recommended that the complaint-in-intervention, as amended, filed by Newton B. Schwartz, Sr. be dismissed, without prejudice, for lack of subject matter jurisdiction.[1]

### Background

On November 22, 2013, the court denied Newton B. Schwartz, Sr.'s initial petition to intervene in this matter because his proposed pleading: 1) included a claim(s) that was unrelated to the instant suit; and 2) did not assert any grounds for the exercise of federal subject matter jurisdiction. (Nov. 22, 2013, Mem. Order [doc. # 60]). On January 8, 2014, Schwartz renewed his motion with a proposed pleading that omitted the unrelated claim. The next day, the court granted Schwartz's petition to intervene, as a matter of course. (Jan. 9, 2014, Order [doc. # 64]).

Recently, however, it has come to the court's attention that, effective February 14, 2014, and for a period of three years thereafter, the Louisiana Supreme Court has enjoined Newton B.

---

[1] Pursuant to Standing Order 3.311 and 28 U.S.C. § 636(b)(1)(B), the District Court has referred certain pretrial matters, including motions to dismiss, to the undersigned magistrate judge for report and recommendation.

Schwartz, Sr. from seeking admission to the Louisiana bar or from seeking admission to practice in Louisiana on a temporary basis because of his prior act(s) of engaging in the unauthorized practice of law in this state. *In Re Seth Cortigene and Newton B. Schwartz, Sr.*, ___ So. 3d. ___, 2014 WL 683717 (La. Feb. 14, 2014).[2] Upon learning of the ruling, the court reviewed the instant record to ensure that Mr. Schwartz's appearance in this matter did not transgress the supreme court's decision. *See* LR 83.2.9. The court is satisfied that Mr. Schwartz is proceeding pro se herein, and not in a representative capacity. Nonetheless, upon review, the undersigned discerned that Schwartz's latest complaint-in-intervention still neglects to assert or establish a basis for subject matter jurisdiction. Moreover, as explained below, the court is not persuaded that the deficient jurisdictional allegations may be cured by amendment.

## Law and Analysis

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks

---

[2] Having determined that Schwartz engaged in the unauthorized practice of law, the court pretermitted discussion as to whether Schwartz engaged in solicitation or provided improper financial assistance to a client. *Id*.

the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

The Federal Rules of Civil Procedure require that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends. Fed.R.Civ.P. 8(a). The two most common ways to invoke federal subject matter jurisdiction are via federal question and diversity. 28 U.S.C. §§ 1331 & 1332. In the case *sub judice*, however, the court does not discern a federal question on the face of intervenor's complaint.[3] In fact, this court previously has recognized Schwartz's cause of action as a state law claim pursuant to Louisiana Revised Statute § 37:218. (Nov. 22, 2013, Mem. Order [doc. # 60]). However, because Schwartz, as intervenor, is properly aligned as a plaintiff, he cannot piggyback his claim onto the diversity jurisdiction of the original demand via supplemental jurisdiction, 28 U.S.C. § 1367. *See Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010). Rather, he must invoke and establish diversity jurisdiction on his own. *Id*. Of course, for purposes of diversity, "[a]ll plaintiffs must be diverse in

---

[3] "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006).

citizenship from all defendants . . ."[4] and the parties' citizenship must be "*distinctly* and *affirmatively* alleged." ; *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). Moreover, the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a).

Here, Schwartz not only fails to allege his citizenship (i.e., the state where he is domiciled), he also does not allege that the amount in controversy exceeds $75,000. The court observes that because Schwartz likely is a Texas domiciliary, he could amend his intervention to remedy his deficient allegation of citizenship. The same cannot be said, however, for the omitted amount in controversy allegation.

As explained by the Supreme Court,

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91 (1938).

Schwartz alleges in his intervention that,

   1.   Per Exhibit B "Fee Agreement and Authority to Represent

---

[4] *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990)

> (Contingency Fee)", Intervenor [Schwartz] with Jack W Harang, APLC acting through Jack W. Harang on or about June 1, 2011 was retained and/or added as additional co-counsel per attached Exhibit B. Intervenor was added in Jack W. Harang's own handwriting (printing) before being executed and accepted by Tyson Smith. Harang represented to [Schwartz] that the client had executed and accepted Exhibit B. In reliance on [Schwartz]' Exhibit B, [Schwartz] pled paid the following detailed Exhibit C series essential expenses paid $9,498.70. $7,505.84 of this was paid to experts. Exhibit C is adopted by reference per F.R.Civ.P. 10(c). [Schwartz] with Harang spent time drafting the Original Complaint and investigating the causes and the responsible Defendants parties. The Original Complaint was filed before the imminent, pending one year Louisiana prescription period. It expired on June 20, 2011. Both above captioned similarly named Hastings Defendants were joined and sued out of an abundance of precaution due to lack of sufficient time to complete a full detailed F.R.Civ.P. Rule 11 investigative due diligence when there are little or no time to do so.
>
> 2. It was not unusual for Intervenor not to meet their mutual clients or for Harang not to meet certain of Intervenor's joint mutual clients retained by both of them both in Texas and Louisiana. Mr. Smith's serious injuries were the paramount concern for counsel to delay the trial of his case until extensive medical treatment, resolution and/or a definite prognosis was reached.

(Amend. Petition [doc. # 65]).

In other words, Schwartz seeks $9,498.70 in costs and expenses that he has advanced in this case, plus, apparently, his share of a contingency fee agreement for the amount of time that he spent to research and draft the original complaint, which, by his own account, constituted such a short period of time that he was unable to comply fully with his obligations under Rule 11 of the Federal Rules of Civil Procedure. In addition, Schwartz admits that he has not had any client contact. *See* Reply Memo., pgs. 2-3 [doc. # 59].

The Fifth Circuit has recognized that a suspended attorney is prohibited from working on cases during his suspension, and thus may not receive legal fees, including contingency fees.

*Cooper v. Texaco, Inc.*, 961 F.2d 71, 73-74 (5th Cir. 1992). In lieu of a contingency fee, the attorney is entitled to recover *quantum meruit* fees for his pre-suspension work. *Id.*[5] Similarly, in another case involving a disbarred attorney whose only activity in the case was the filing of the initial pleading and early case management, the court declined to give effect to the contingency fee agreement, and instead awarded the disbarred attorney 15 percent of the total attorney's fee on a *quantum meruit* basis. *Brown v. Seimers*, 742 So. 2d 556 (La. App. 5th Cir. 1999).

The undersigned agrees with the foregoing authority that, because of Schwartz's present inability to practice law in the state – even on a temporary or visiting basis, he is not entitled to recover under the contingency fee agreement that he entered into with his client, Tyson Smith, and instead, must recover no more than *quantum meruit*, i.e., only for the services he actually performed and the responsibilities he assumed. *Dukes v. Matheny*, 878 So. 2d 517, 521 (La. App. 1st Cir. 2004) (citations omitted).[6] The relevant considerations include "the time and labor required, the novelty and difficulty of the issue, the skill required, the likelihood that acceptance of the work might prevent the attorney from accepting other opportunities, and the experience,

---

[5] Indeed, "no one can charge or receive a fee for services rendered by or as an attorney at law unless he is licensed to practice law." *Found. Fin. Co. v. Robbins*, 179 La. 259, 269, 153 So. 833, 836 (La. 1934); *see also* La. R.S. § 37:213. Furthermore, "the suspended or disbarred lawyer's share of the fee depends solely on the extent to which the lawyer 'render[ed] meaningful legal services for the client in the matter' **before** the lawyer was suspended, disbarred, or resigned from the practice of law." *Louisiana State Bar Association, Rules of Professional Conduct Committee*, Public Opinion 12-RPCC-018 (Jan. 30, 2012).

[6] The court reaches this same conclusion, notwithstanding the fact that Smith apparently discharged Schwartz *before* his suspension. Although courts permit an attorney to recover a portion of the contingency fee agreement when a client discharges an attorney without cause, *Saucier v. Hayes Dairy Products, Inc.*, 373 So. 2d 102, 118 (La. 1978), this reasoning presumes the capacity and willingness of the attorney to continue the representation, absent the discharge. Here, Schwartz relinquished his ability to prosecute this matter when he was suspended as a result of his own volition and culpable conduct.

reputation, and abilities of the attorney." *Id*. (citations omitted).

The court stresses that even prior to his suspension, Schwartz never sought admission pro hac vice in this case. Thus, unless he was engaged in the unauthorized practice of law, he could not have participated in out of court proceedings such as depositions. *In Re Seth Cortigene and Newton B. Schwartz, Sr, supra.*[7] Schwartz also acknowledged that he has had no contact with the client. Furthermore, by his own account, Schwartz's participation in this case was limited to advancing costs and helping to draft a complaint that Schwartz confesses skirted his Rule 11 obligations.

In short, under either a lodestar method or a percentage of fees approach, it is manifest that Schwartz's fees for the work that he has done in this case will not approach anywhere near the $65,000 - plus required to support diversity jurisdiction and his intervention. In other words, on the basis of the facts alleged in the amended complaint-in-intervention, it is legally certain that the amount of Schwartz's claim does not exceed the minimum threshold required to support diversity jurisdiction.[8]

## Conclusion

For the foregoing reasons, the undersigned finds that intervenor-plaintiff, Newton Schwartz, has not met his burden of alleging *or* establishing the existence of federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. § 1332. When subject matter jurisdiction is lacking, dismissal is required. Fed.R.Civ.P. 12(h)(3); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803,

---

[7] Albeit, Schwartz cross-noticed the deposition of his former client in this case *before* he intervened in this matter. *See* doc. #s 48. He later withdrew the notice. [doc. # 51].

[8] Of course, if Schwartz has evidence or authority to support a different outcome, he should present it to the District Court via objection to the instant report.

805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."). Accordingly,

IT IS RECOMMENDED that the complaint-in-intervention, as amended, filed by Newton B. Schwartz, Sr. be dismissed, without prejudice, for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 16th day of May 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE