UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TYSON SMITH | * | CIVIL ACTION NO. 11-0894 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| HASTINGS FIBER GLASS PRODUCTS, INC., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is a Report and Recommendation [Doc. No. 74] of the Magistrate Judge recommending that the Court dismiss the amended complaint-in-intervention filed by Newton B. Schwartz, Sr. ("Schwartz") without prejudice for lack of subject matter jurisdiction. Since the issuance of the Report and Recommendation, Schwartz has filed a voluntary motion for partial dismissal of his claims [Doc. No. 75]. In lieu of filing objections to the Report and Recommendation as instructed, Schwartz instead filed a notice of appeal [Doc. No. 76] of the Magistrate Judge's Report and Recommendation to the United State Courts of Appeals for the Fifth Circuit.[1]

Having considered the Report and Recommendation and Schwartz's amended complaint-in-intervention, the Court agrees with and ADOPTS the Magistrate Judge's analysis and

---

[1] In both the Report and Recommendation itself and in a telephone conversation with the Clerk's Office, Schwartz, an attorney, was instructed to file **objections** to the Report and Recommendation. In disregard of the instructions and procedure, Schwartz chose to file a clear notice of appeal of the Report and Recommendation to the Fifth Circuit.

conclusion.[2] Therefore, Schwartz's amended complaint-in-intervention is dismissed, without prejudice, for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

In light of the Court's determination that it lacks subject matter jurisdiction over Schwartz's claims, his voluntary motion for partial dismissal [Doc. No. 75] is DENIED AS MOOT.

MONROE, LOUISIANA, this 11th day of June, 2014.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that there is a typographical error on page 7 of the Report where the Court states that the work Schwartz has done "will not approach anywhere near the $65,000 - plus required to support diversity jurisdiction." [Doc. No. 74]. As the Magistrate Judge states on page 4, the amount in controversy must exceed $75,000, not $65,000, but it is clear in this case, Schwartz cannot come close to *either* amount based on his allegations.